## Case No. 8,460.

### LODGE v. LODGE et al.

[5 Mason, 407.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1829.

WRIT OF ATTACHMENT — WHERE RETURNABLE — PRINCIPAL AND AGENT.

1. Under the statute of Massachusetts of 1823 [3 Laws Mass. p. 62, c. 142], giving relief against fraud to second attaching creditors, it is not necessary, that the second attachment should be returnable to the same term of the court as the first attachment.

[Cited in Gumbel v. Pitkin, 124 U. S. 148, 8 Sup. Ct. 386.]

2. Quaere, if the plaintiff must, in all cases under that act, sign and make oath to his petition, to be admitted to defend against the first attachment, or if it may be done, if he is abroad, by his agent.

This was an action of assumpsit [by Adam Lodge against Adam Lodge and trustees]. No appearance having been entered for the defendant, Hubbard for William Brown, an alien and resident abroad, and a creditor of the defendant, made application by petition to be permitted to defend the suit, under the Massachusetts statute of the 21st of February, 1824 (St. 1823, c. 142). The petition stated, that the petitioner had commenced a suit returnable to the next term of this court, and that the present suit was, in the belief of the petitioner, fraudulent, and the petition was verified on oath by his agent.

Sumner, for plaintiff, resisted the application, contending, that the case was not within the statute, the writ not being returnable to this term. He also contended, that the petitioner only could file the petition, and make personal oath thereto, and that it was

[1] [Reported by William P. Mason, Esq.]

not competent for an agent to file it or make the oath.

STORY, Circuit Justice. The statute of 1823 (chapter 142), entitled "An act to prevent fraud in the attachment of real or personal estate," provides, "that in all cases where the same estate, real or personal, has been attached on mesne process in two or more suits, that the plaintiff or plaintiffs in any suit, after that in which the first attachment shall have been made, may petition the court whereto the writ shall be returnable, on which such first attachment shall have been made at the return term of such court, or at the next term thereof, if such suit shall still be therein pending, and not afterwards, for leave to defend against such first suit, in like manner as the party therein sued could or might have done."

The question is, whether it be indispensable to entitle a second attaching creditor to maintain such a petition, that the writ in his suit should be returnable to the same term of the court, as that of the first attachment. This is a remedial act, and if the words of it admit fairly of two interpretations, one of which will enlarge, and the other restrict, its beneficial operation, it is the duty of the court to adopt the former. But we do not think there is any ambiguity in the act. Jurisdiction is given to the court, to which the first attachment is returnable, at the return term or the next term after to entertain the petition. But nothing is said as to the return term of the second attachment. All, that is required, is, that there should be a second attachment. But it is said, that there cannot be any proof of the second attachment, except by the return of the writ to the court, to which it is returnable, and then it is record proof; for until then there is no pendency of the suit. The argument is not well founded. For certain purposes a suit is, or may be, deemed pending, only when it is entered of record in the proper court. But it is far from being universally true, that it cannot be considered as pending before the return term for any purposes, or that the writ may not be proved to exist as a virtual authority for an attachment before that period. When a writ is returned, the proper proof comes from the record. When it is not yet returned, and cannot be, the existence of the writ, and its proper service may be proved by the production of the writ itself. What would be the situation of officers, if such proof were not admissible? This court sits only twice a year. The marshal may arrest the body, or make an attachment of property, and according to the doctrine contended for, he would, if sued for such act by any party before the return term, be unable to defend himself upon trial, however lawful his act might be. The law involves no such inconvenience. An attachment, when it has not yet become matter of record, is

still an attachment, and may be proved by any proper evidence in pais for all purposes, and by all parties having an interest therein.

It is unnecessary to decide the second point, because, if the argument be well founded, it furnishes a good ground, why, in this case, as the plaintiff is an alien and abroad, that a continuance should be allowed to enable him personally to sign the petition, and take the oath according to the second section of the statute.

And we are accordingly of opinion, that the case be continued for this purpose, not meaning, however, to express any opinion as to the validity of the objection.